# SUPREME COURT.

## THE PEOPLE OF THE STATE OF NEW YORK, respondent, agt. JOHN O'CONNELL, appellant.

*Criminal law — Insanity — Defense of — an affirmative defense — Drunken ness does not constitute insanity — Delirium tremens — When the charge as made is correct, counsel no right to make further requests.*

The defense of insanity is an affirmative defense, and the prisoner is bound to satisfy the jury, by proof, that he was insane.

The mere fact that a person is insane does not *per se* relieve him from responsibility. The test is, whether he is capable of distinguishing between right and wrong at the time of and with respect to the act complained of.

Drunkenness in itself, simple drunkenness, whether it is of limited measure or whether it is excessive, does not constitute insanity, and does not excuse a person committing an act from the responsibilities of that act.

But if a person committing an act or doing an injury is in a state of "*delirium tremens*" at the time, and is therefore rendered unable to determine the nature or the quality of the act, or its right or its wrong, then he is relieved from the responsibility ; and the same rule applies to general insanity if the man does not comprehend the nature and quality of that which he does and the right or the wrong, then he is relieved; if he does comprehend both, then he is responsible for that which he does.

Where the defense of insanity had been interposed, the court after charging the above propositions as to the law of insanity, also charged, if "you have a reasonable doubt, from the evidence in this case, that the prisoner is guilty of this crime, then you should give him the benefit of that doubt, and he should stand acquitted ; if you have no such doubt, then you should pronounce him guilty." The prisoner's counsel requested the judge to charge " that if from the evidence in the case a reasonable doubt arises in the jurors minds as to the sanity or insanity of this defendant, that he is entitled to the benefit of that doubt." The court refused so to charge. A further request to charge: "The defense are not required to establish, beyond a reasonable doubt, the insanity of the prisoner. If the evidence raises a reasonable doubt whether he was insane or not, he is entitled to that doubt," was also refused:

*Held*, that the charge was a complete and correct charge upon the subject of insanity, and the requests to charge were properly refused.

*Held,* also, that the charge as made being correct, the prisoner's counsel had no right to request, nor was it the duty of the court to repeat in substance such charge in different form and words.

*Held,* further, that 'the requests to charge was too broad and does not accord with the law as it exists in this state.

*Fourth Department, General Term, May,* 1881.

*Before* Learned, *P. J.,* Bockes *and* Boardman, *JJ.*

On the 11th day of February, 1879, at the city of Albany, the respondent, John O'Connell, made an attack upon his wife with an iron plow coulter, struck her several blows upon the head and one upon the neck. The blows upon the head cut through to the bone and fractured the skull. He was indicted for an assault with a deadly weapon, with intent to kill. He was thereafter tried, convicted, and on the 24th day of November, 1880, sentenced to state prison for three years. On the trial it appeared that he was of a nervous, excitable disposition, easily angered; that these characteristics were heightened by liquor. The defendant showed that he had formerly owned considerable property; that he had lost it by foreclosures some two years before this; that he claimed to have been cheated out of it; got excited when talking about it; that since losing his property he had taken to drinking; that upon the day in question he had been drinking, and that immediately after the assault he appeared to be much excited. The medical testimony was to the effect that he was of sound mind, and that the acts and appearance of the respondent, as testified to by other witnesses, did not indicate insanity. Upon the question of insanity the court charged as follows: "But he does interpose a defense, and that is, whether he did this injury or not, no matter what the motive may have been which actuated it, or the instrument which he used, yet he is not responsible in the law; he should not be condemned for the reason he was irresponsible; that he was an insane man at the time it is alleged this occurrence transpired. You are to

determine from the evidence whether or no such is the fact. The presumption of law is in this instance against the prisoner, as in the other it was in his favor. He is presumed innocent of the performance of an act until he is proven to be guilty. He is presumed to be a sane man and amenable to all the appliances of the law until he convince you by evidence that he is insane, and he is responsible for the appliance of the law until he relieves himself by convincing you that he is insane and not responsible. And by insanity it is to be understood, in the sense of the law, a diseased condition of the mind and conscience of the person so as not to be able to comprehend the nature and quality of the act which he does, and so that he is not able to determine the right or wrong of that act. If he can determine those two, the nature and quality of the act, and is able to determine whether or no that act is right or wrong in the light of God's law, then he is not insane, and is not relieved from the responsibility attaching to the act which he does. Drunkenness in itself, simple drunkenness, whether it is of limited measure or whether it is excessive, does not constitute insanity, and does not excuse a person committing an act from the responsibilities of that act. If a crime is committed it does not relieve him from the responsibility of that crime. And intemperance only amounts to a justification in the light of insanity when insanity has been brought about as a result of continued and, perhaps, excessive use of liquors, in a derangement of the mind which is accompanied to a greater or less extent with a derangement of the body, so that the normal condition is overcome and the mind is rendered incapable of considering the nature and quality of acts and the right or wrong of them; or when the use of the liquor is so excessive for the time being as to result in a temporary mania and condition that is known in the books and in common speech among the people as ' *delirium tremens.*' If such is the condition of a party doing an injury — if he is in a state of *delirium tremens* at the time, and is, therefore, rendered unable to determine the nature of the quality of the

act, or its right or its wrong — then he is relieved from the responsibility; and the same rule applies to general insanity. If a man does not comprehend the nature and quality of that which he does, and the right or wrong, then he is relieved; if he does comprehend both, then he is responsible for that which he does. I· think I have said all that is necessary for me to say so far as the rules are concerned by which you are to be guided in determining this issue. You are to do it impartially and justly. You are to have no sympathy for the prisoner only as he demands it in the evidence itself; and you are not to visit him with any vindictive feeling because you may conceive that somebody has been injured and possibly he may have been the person to inflict the injury. Justice is supposed to be blind in that respect. You are to look upon the evidence, and that alone, and determine exactly where the truth lies, and so decide without any favor or without feeling. If you have a reasonable doubt from the evidence in this case that the prisoner is guilty of this crime, then you should give him the benefit of that doubt, and he should stand upon his acquittal; if you have no such doubt, then you should pronounce him guilty." At the conclusion of the judge's charge, defendant's counsel requested the court to charge, " that if, from the evidence in the case, a reasonable doubt arises in their minds as to the sanity or insanity of this defendant, that·he is entitled to the benefit of that doubt." The court declined so to charge. Defendant's counsel also asked the court to charge " that they are not to establish, to their satisfaction, sanity. I understood you to charge we were to establish, to their satisfaction, his insanity. I ask you to charge the defense are not required to establish, beyond a reasonable doubt, the insanity of the prisoner. If the evidence raises a reasonable doubt as to whether he was insane or not, he is entitled to that doubt. The court refused so to charge. And it is upon these refusals to charge, and upon an exception to that portion of the charge in which the court says, " defendant is bound to show insanity to satisfaction of the

jury," that it is understood the respondent relies for a new trial.

*D. Cady Herrick,* district-attorney, for plaintiff in error. Under the statute the defendant must be insane to escape liability for his acts (2 *R. S.* [*6th ed.*], 988, *sec.* 2). But that insanity must be such that he cannot distinguish right from wrong at the time of and with respect to the act complained of (*Willis* agt. *The People,* 32 *N. Y.,* 715; *Flannagan* agt. *People,* 52 *N. Y.,* 467; *People* agt. *Brotherton,* 75 *N. Y.,* 159). There is no testimony in the case amounting to evidence of insanity. Mere wildness and excitability are not evidences of insanity (*Willis* agt. *People,* 32 *N. Y.,* 715; *Walter* agt. *People,* 32 *N. Y.,* 147; *Ferris* agt. *People,* 35 *N. Y.,* 125–129). The court is not bound to charge upon abstract questions (*Ferris* agt. *People,* 35 *N. Y.,* 125; *Walter* agt. *People,* 32 *N. Y.,* 147; *Moody* agt. *Osgood,* 54 *N. Y.,* 488; *Slatterly* agt. *People,* 58 *N. Y.,* 354). The court charged fully in regard to the question of insanity, and also in regard to reasonable doubt. When the jury has been instructed upon every question material to the disposition of the case, the court may decline to give further instruction (*Walter* agt. *People,* 32 *N. Y.,* 147; *Ferris* agt. *People,* 35 *N. Y.,* 125; *Moody* agt. *Osgood,* 54 *N. Y.,* 488; *Slatterly* agt. *People,* 58 *N. Y.,* 354; *Morehouse* agt. *Yeager,* 71 *N. Y.,* 594; *Rexter* agt. *Storin,* 72 *N. Y.,* 601). It is not the duty of trial judge to present the matter to the jury in every possible phase and in every form of language which the ingenuity of counsel can devise (*Moet's Case, Ct. App., MS.*). The request to charge was too broad. Simply being insane does not relieve a man from responsibility. The test of responsibility is the capacity of the defendant to distinguish between right and wrong at the time of and with respect to the act complained of (*Flannagan* agt. *People,* 52 *N. Y.,* 467; *People* agt. *Brotherton,* 75 *N. Y.,* 159; *Moet* agt. *People, Ct. of App., MS.*). Insanity is a defense. It is no part of the act or acts

complained of. It is an extrinsic fact which, if established, is a defense by avoidance. It is a fact to be proved by the one asserting it. Raising a doubt in regard to the existence of a fact is not proving that it exists (*People* agt. *Schryver*, 42 *N. Y.*, 1, *see p.* 9; *Wharton's Crim. Ev., sec.* 321, *and cases cited*). The defendant in this case, relying upon the defense of insanity alone, was bound to prove it (*Regina* agt. *Dayton*, 4 *Cox C. C.*, 149; *Commonwealth* agt. *Heath*, 11 *Gray*, 303; *Commonwealth* agt. *Eddy*, 7 *Gray*, 583; *State* agt. *Coleman*, 27 *La. Ann.*, 691; *In the Matter of Insane Criminals*, 8 *Scott's N. R.*, 595; 1 *C. & K.*, 130, *note*). There must be a preponderance of evidence of insanity to overcome the presumption of sanity (*Boswell* agt. *State*, 63 *Alabama*, 307; *Ostmire* agt. *Commonwealth*, 76 *Penn.*, 414; *State* agt. *Redemeier*, 71 *Mo.*, 173). It is not sufficient to raise a reasonable doubt. He must satisfy the jury that he was insane at the time the act was committed (*Baccigalupo* agt. *Commonwealth*, 33 *Grattan*, 807; *State* agt. *Strander*, 11 *W. Va.*, 745, 823). The proof of insanity ought to be as clear and satisfactory as the proof of committing the act ought to be to find a sane man guilty (*State* agt. *Spencer*, 1 *Zabriskie*, 202).

*J. H. Clute*, for appellant. The judge erred in charging the jury that the defense of insanity is an affirmative defense, and that the prisoner is bound to satisfy the jury, by proof, that he was insane. The judge erred in refusing to charge the jury that if, from the evidence in the case, a reasonable doubt arises in their minds as to the sanity or insanity of defendant then he is entitled to the benefit of that doubt. This request was put in different forms, and each time an exception was taken to the refusal of the court to charge as requested. This was error, for which a new trial must be granted (*Brotherton* agt. *The People*, 75 *N. Y.*, 159; *The People* agt. *McCann*, 16 *N. Y.*, 70; *Wagner* agt. *The People*, 2 *Keyes*, 694).

The People agt. O'Connell.

BOARDMAN, *J.* — The prisoner was convicted under an indictment for an assault to kill. An attempt was made to show he was insane at time of the assault. At the close of the charge the prisoner's counsel requested the judge to charge ".that if from the evidence in the case a reasonable doubt arises in the jurors' minds as to the sanity or insanity of this defendant, that he is entitled to the benefit of that doubt."

The court: "No; I decline to charge that." A further request to charge, "the defense are not required to establish beyond a reasonable doubt the insanity of the prisoner. If the evidence raises a reasonable doubt whether he was insane or not, he is entitled to that doubt." The court: "I decline to charge that." The prisoner's counsel excepted to such refusal to charge.

The evidence required the submission of the prisoner's sanity, at the time of the offense, to the jury, and it was submitted in the following language, taken from the charge: "You are to determine from the evidence whether or no he was insane at the time of this occurrence. The presumption of law is in this instance against the prisoner, as in the other it was in his favor. He is presumed to be innocent of the performance of an act until he is proven to be guilty. He is presumed to be a sane man and amenable to all the appliances of the law until he convinces you by evidence that he is insane; and he is responsible for the appliances of the law until he relieves himself by convincing you that he is insane and not responsible. And by insanity is to be understood, in the sense of the law, a diseased condition of the mind and conscience of the person, so as not to be able to comprehend the nature and quality of the act which he does, and so that he is not able to determine the right or the wrong of that act, and is able to determine whether or no that act is right or wrong in the light of God's law, then he is not insane and is not relieved from the responsibility attaching to the act which he does. Drunkenness in itself, simple drunkenness, whether

it is of limited measure, or whether it is excessive, does not constitute insanity, and does not excuse a person committing an act from the responsibilities of that act. If a crime is committed it does not relieve him from the responsibility of that crime. And intemperance only amounts to a justification in the light of insanity, when insanity has been brought about as a result of continued and perhaps excessive use of liquor, in a derangement of mind which is accompanied to a greater or less extent with a derangement of the body, so that the normal condition is overcome and the mind is rendered incapable of considering the nature and quality of acts and the right or wrong of them; or when the use of the liquor is so excessive for the time being as to result in a temporary mania and condition that is known in the book and in common speech among the people as ' *delirium tremens.*' If such is the condition of the party doing an injury, if he is in a state of *delirium tremens* at the time, and is therefore rendered unable to determine the nature or the quality of the act, or its right or its wrong, then he is relieved from the responsibility; and the same rule applies to general insanity; if the man does not comprehend the nature and quality of that which he does, and the right or the wrong, then he is relieved; if he does comprehend both, then he is responsible for that which he does. If you have a reasonable doubt from the evidence in this case that the prisoner is guilty of this crime, then you should give him the benefit of that doubt, and he should stand upon his acquittal; if you have no such doubt, then you should pronounce him guilty." This was a complete and correct charge upon the subject of insanity. It presents the issue fairly, and as the prisoner's counsel now claims the law to be. It says, in substance, the sanity of the prisoner is presumed. His insanity, his inability to distinguish between right and wrong in reference to the act done at the time when it was done, must be proved to the satisfaction of the jury. But if on the whole evidence the jury have reasonable doubt whether the prisoner

is guilty of the crime charged you must acquit him. If you have no such doubt then you should convict him. The charge as made being correct, had the prisoner's counsel the right to request, and was it the duty of the court to repeat, in sub-stance, such charge in different form and words? Is it to be tolerated that counsel may ask a judge to repeat by way of emphasis in a modified form certain portions of his charge? It ought not to be so, and the authorities seem to say it is not so. Says REYNOLDS, C., in *Moody* agt. *Osgood* (54 *N. Y.*, 494): " The jury had before been properly instructed in every-thing necessary to a proper disposition of the case. It was sufficient that the present case, upon the law and the evidence, was properly submitted to their judgment. This was all, I think, the judge was required to do, and there must be a period of time when a circuit judge may properly decline to entertain any further application from either party to give further instructions to the jury, and that period is ordinarily reached when after the close of the evidence in a cause the jury have been properly instructed upon every question mate-rial to the disposition of the case " (*See, also, Holbrook* agt. *U. and S. R. R.*, 12 *N. Y.*, 236, 244; *Decker* agt. *Mather*, *Id.*, 313, 320, 324; *Moorhouse* agt. *Yager*, 71 *id.*, 594; *Rexter* agt. *Haim*, 73 *id.*, 601). But there is a further answer to the requests to charge. The mere fact that a person is insane does not *per se* relieve him from responsibility. The test is, whether he is capable of distinguishing " between right and wrong at the time of and with respect to the act com-plained of " (*Flanagan* agt. *People*, 52 *N. Y.*, 467, 469; *Willis* agt. *People*, 32 *N. Y.*, 717; *Wagner* agt. *People*, 4 *Abb. C. of A. Cases*, 511; *People* agt. *Montgomery*, 13 *N. S.*, 209). MULLIN, P. J., at page 246, says: "A man may be insane and yet be capable of distinguishing between right and wrong. It is only when the insanity has taken possession of the whole mind so as to obliterate altogether the capacity to make this distinction that he becomes responsible." Again (*pp.* 247, 248): " Proof that the accused was insane when the

crime was committed is not enough to require a jury to acquit. It must be shown that the insanity was such as to destroy, for the time at least, the consciousness of the distinction between right and wrong" (*Brotherton* agt. *The People*, 75 *N. Y.*, 159).

We conclude the prisoner's counsel had no right to request a further charge upon the subject of the prisoner's sanity, and for that reason the judge properly refused to charge as requested. The request to charge was too broad and does not accord with the law as it exists in this state, and for that reason the request was properly refused.

The conviction and judgment should be affirmed.