## Court of Appeals.

*February*, 1885.

## PEOPLE *v.* MILLS.

### Murder.—Charge.—Drunkenness.

Where the court has, in charging the jury, laid down the correct rule as to insanity, it is not erroneous to refuse to charge that if the jury believe the defendant, at the time of the commission of the alleged act, was suffering from the effects of *delirium tremens*, or any other species of insanity, they must acquit, as the defendant would not be capable of distinguishing right from wrong or of deliberating or premeditating the act.

Where a charge in substance covers a request to charge, the court cannot be called upon to repeat what it has correctly stated.

A request to charge that "if in consequence of some disease the defendant had not sufficient use of his reason to control the passions which prompted the act complained of, the jury must acquit," is erroneous in excluding the consideration of the question as to the capacity of the defendant to distinguish between right and wrong.

Under the statute, it is the duty of the judge to leave to the jury the consideration of the question of intoxication in determining the motive and intent, and thus whether the defendant acted with deliberation and premeditation.

The Court of Appeals, being an appellate court, is confined strictly to a review of the questions of law which appear upon the record, and cannot consider the facts.

Appeal by the defendant Geo. H. Mills from a judgment of the General Term of the Supreme court in the second department, September 9, 1884, affirming a judgment of the court of Sessions of Kings county, February 28, 1884, convicting the defendant of murder in the first degree, upon an indictment found October 31, 1883.

*Mark D. Wilber*, for defendant, appellant.

*James D. Ridgway*, district attorney, for the people, respondent.

MILLER, J.—The defendant was convicted in the court of Sessions, in the county of Kings, of murder in the first degree, for stabbing his wife with a knife in and about the breast, on October 6, 1883. He was a harness-maker, in business for himself, and on the day mentioned his wife was assisting him in making out some bills. He asked her to go and get him some beer, which she refused to do, and he thereupon knocked her down. She was then permitted to arise, when she left the room and went to another part of the house. He immediately followed her and again knocked her down, and with his knife inflicted the wounds, one or more of which proved mortal, and she died soon afterward.

There was evidence upon the trial showing that at different times previous to the assault the defendant had made threats that he would take his wife's life ; that he was a man, who, at times, indulged in an excessive use of intoxicating liquors. He swore, and there was other evidence establishing the same fact, that he had been drinking for a number of days before he committed the crime of which he was convicted; but he also testified that he was not drunk on the day he killed his wife. There was also evidence showing that after the homicide he was confined in jail, and that his paroxysms were so violent that it was necessary to iron him and put him in a padded cell.

The principal exceptions taken upon the trial relate to the refusals of the judge to charge as requested by the counsel for the defendant. The first of these refusals was to the request to charge " that if the jury are satisfied that at the time the alleged act was committed the defendant was suffering from the effects of *delirium tremens*, or any other species of insanity, they must acquit, as the defendant would not be capable of distinguishing right from wrong, or of deliberating upon or premeditating the act." The judge, in answer to this request, stated : " I cannot charge you that. I have already charged you

what constitutes insanity under our law, and I shall for that reason decline to charge as requested." In a previous portion of his charge, the judge had laid down the rule as to what constituted insanity, and had stated that the statute defined the rule of responsibility in cases of this kind to be that a person is presumed to be responsible for his acts, and the burden of proving he was irresponsible was upon the accused person, except as otherwise provided. He then cited the statute, to the effect that an act done by a person who is an idiot, imbecile, lunatic or insane, is not a crime, and that a person is not excused from criminal liability as an idiot, imbecile, lunatic or insane person, except upon proof that at the time of committing the alleged criminal act, he was laboring under such a defect of reason as either not to know the nature and quality of the act he was doing, or not to know that it was wrong; and after discussing the subject, laid down the rule that if he, the defendant, had such a defect of reason as not to know the nature or quality of the act, he was insane, and not responsible; and that if he did know the nature or quality of the act he was doing, but did not know it was wrong, he was not responsible. He then said, substantially, that if a man is in fact insane, under the definition of the statute, he is irresponsible, no matter from what his insanity proceeds; and if he is ignorant of the nature and quality of the act he commits, or does not know that it is wrong, he is irresponsible.

The charge as thus made, covered, in substance, the proposition contained in the request, and the court could not properly be called upon to repeat what had previously been correctly stated. Under the charge as made, the jury were instructed to acquit if they were satisfied that the defendant was suffering from any species of insanity which prevented his distinguishing between right and wrong, or acting from deliberation or premeditation. This would include *delirium tremens* or any other phase of insanity which prevented the defendant from exercising his faculties with discrimination or judgment.

The request to charge, " that if in consequence of some disease the defendant had not sufficient use of his reason to control the passions which prompted the act complained of, the jury must acquit," was sufficiently answered by the judge, who

said : " If a man is sane, he is bound to control his passions, and is held responsible for any acts he may commit under their exercise ; if he is insane, he is not responsible." This, with what had been previously stated, fully covered the whole request, and nothing further was required. It may be added that the request was erroneous in excluding entirely the consideration of the question as to the capacity of the defendant to distinguish between right and wrong.

Nor was any error committed in the refusal to charge " that if the defendant was at the time of committing the act intoxicated, the jury will consider that fact as an evidence tending to show an absence of premeditation and deliberation." The judge, in answer to this request, said : " I cannot say that the mere fact alone of intoxication is evidence tending to show there was absence of deliberation and premeditation. Intoxicated men do premeditate and deliberate. I have already explained to you in what respect intoxication is important in this case. It it important in a criminal case to know whether a man is so intoxicated as not to be capable of forming an intent, and the fact of intoxication is important in determining the intent with which he committed the crime, or whether he had any intent whatever." He then read from the statute (*Penal Code*, § 22), which provides that, " No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act,"—and said : " That is the rule laid down in that statute, and that I charge you."

We do not see but that the judge laid down the rule correctly in reference to the proposition presented by the request. He stated the rule to be as the statute provided, and in thus charging he covered the entire request. The request to charge was to the effect that intoxication did absolutely tend to show an absence of premeditation and deliberation. This cannot be the case in all instances. While it might, under certain cir-

cumstances, prevent a man from forming an intent, it would not under others. The degree of intoxication, the condition of mind of the person intoxicated, and other circumstances, would have a serious bearing upon the question of deliberation and premeditation. The most that could be claimed in regard to the intoxication would be that it was a question for the jury to determine whether it did not tend to show an absence of premeditation and deliberation. The request went beyond this; it was too broad, and as it stood, made any state of intoxication, however slight, evidence of an absence of premeditation and deliberation. Under the statute, it was the duty of the judge to leave it to the jury to take into consideration the question of intoxication in determining the motive and intent, and thus whether the defendant acted with deliberation and premeditation. This was done, and the request to charge in the form made was properly refused.

The discussion had covers all the rulings of the judge upon the trial to which exceptions were taken, which are urged upon our attention by the appellant's counsel on this appeal, and we find in none of them any ground of error which authorizes a reversal of the judgment.

It is also insisted that the court erred in respect to certain portions of the charge made to the jury to which no exceptions were taken. We are not at liberty to consider any such objections. This court, being an appellate court, is confined in its jurisdiction strictly to a review of questions of law which appear upon the record (People v. Boas, 92 N. Y. 563 ; 1 N. Y. Crim. 287).

The question as to the intent of the defendant, and whether he acted from deliberation and premeditation, was peculiarly a question for the consideration of the jury, to be determined in view of the facts proven upon the trial. There was considerable testimony, which tended to show that prior to the commission of the offense, for a number of years, at times, the defendant was in a frame of mind which might prevent deliberation and premeditation, and that this may have been produced by blows which he had received upon his head a long time previously, or by the effects of intoxicating drinks. In view of this evidence, the jury would have been warranted in finding a

verdict of guilty of murder in the second degree, and had they done so, it could not, we think, be said that the conclusion arrived at was not, under the circumstances, justified by the facts. Whether they erred in this respect is not within the province of this court to determine, as we are not authorized to consider the facts presented in the record before us, and, as we have seen, they are not the subject of review upon this appeal. People *v.* Hovey, 92 *N. Y.* 554; 1 *N. Y. Crim.* 283.

We are, therefore, brought to the conclusion that no error was committed upon the trial, and that the judgment should be affirmed and the record remitted to the court below, with directions to proceed as required by law.

All concur, except RAPALLO and ANDREWS, JJ., not voting.