## COURT OF APPEALS,

### February, 1914.

# THE PEOPLE v. DOMINICK GERDVINE

### (210 N. Y. 184.)

**(1.)** MURDER—DISINTERESTED WITNESS NOT NECESSARILY ENTITLED TO ANY MORE CREDIT THAN INTERESTED WITNESS.

A disinterested witness is not, necessarily, entitled to any more credit than an interested witness. The whole subject of the interest of a witness and its effect upon his testimony is for the jury.

**(2.)** SAME—INTOXICATION OF DEFENDANT AT TIME OF CRIME—EVIDENCE THEREOF SHOULD BE CONSIDERED BY JURY UPON QUESTIONS OF INTENT, DELIBERATION AND PREMEDITATION.

Section 1220 of the Penal Law (Cons. Laws, ch. 40) provides: " Whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act." This permits any, not simply total, intoxication to be considered on the question of intent, and it is for the jury to determine the extent of the intoxication and whether it had the effect to prevent the necessary intent, deliberation and premeditation, and an erroneous charge in that respect may be reviewed although no exception was taken. (Code Crim. Pro. § 542.)

**(3.)** SAME—ERRONEOUS CHARGE AS TO EXECUTIVE CLEMENCY.

In pronouncing sentence, the learned trial justice said: " Yet, from the circumstances in this case I am led to the conclusion that it may be a case for executive clemency. * * * The verdict of the jury was entirely proper, but there are circumstances in the case that may call for executive clemency, in the event that the conviction is affirmed." *Held*, that it is the defendant's right to have the degree of his crime fairly determined by a jury and that right should not be denied him on the chance of executive clemency.

APPEAL from a judgment of the Supreme Court, rendered May 20, 1913, at a Trial Term for the county of Orange, upon a verdict convicting the defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

*Henry Kohl* and *Herbert B. Royce* for appellant. Reversible error was committed by the trial court in its charge to the jury. (People v. Martin, 33 App. Div. 282; People v. Conroy, 97 N. Y. 76; People v. Fish, 125 N. Y. 136; People v. Carey, 148 N. Y. 491.)

*J. D. Wilson, Jr., District Attorney,* for respondent. The charge to the jury was fair and impartial and no error was committed. (People v. Conroy, 97 N. Y. 62; People v. Schmidt, 168 N. Y. 568.)

MILLER, J.:

It is undisputed that on the sixth day of December, 1912, the defendant shot and killed one Theodore Faller. The People's evidence tends to establish all of the elements of the crime of murder in the first degree. The defendant, while not denying that he committed the homicide, testified in substance that he was intoxicated and had no recollection of what occurred.

The court charged the jury *inter alias.* " The defendant is an interested party, he is interested in the result of this trial, and the interest of a witness is always to be considered by the jury on the question of his credibility as a witness, especially where he is contradicted by other witnesses. A witness who has no interest whatever in the outcome of a lawsuit, who is entirely disinterested, other things being equal, is entitled to very much more credence than a witness who is interested in the verdict of the jury. Especially is that so where the witness

is contradicted by other witnesses. * * * It is only in the event that his intoxicated condition was such that he could not, and did not, form an intention to kill, and had not mind enough to think about it at all, and did not think about it, and did it without knowing what he was doing, without an intention to kill and without a plan, and without deliberation, that his intoxicated condition is a defense to the extent of relieving him of the charge of intentional homicide—that is, murder in the first degree and murder in the second degree."

Serious errors were committed in the statements just quoted. A disinterested witness is not, necessarily, entitled to any more credit than an interested witness. The whole subject of the interest of the witness and its effect upon his testimony is for the jury. The error was particularly harmful because the defense rested mainly upon the uncorroborated story of the defendant which was not likely to be credited by a jury after being instructed by the court that the testimony of the witnesses in contradiction of it was entitled to very much more credence.

Section 1220 of the Penal Law (Consol. Laws, ch. 40) provides: "No act committed by a person while in a state of voluntary intoxication, shall be deemed less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act."

The statute permits any, not simply total, intoxication to be considered on the question of intent. (People v. Leonardi, 143 N. Y. 360, 9 N. Y. Crim. 318; People v. Corey, 148 N. Y. 476, 12 N. Y. Crim. 151.) It was for the jury to determine the extent of the intoxication and whether it had the effect to

prevent the necessary intent, deliberation and premeditation. A mere reading of the statute with proper caution against considering intoxication as an excuse would have informed the jury what weight to give to the matter. The statute was not read, nor its substance stated. Instead, the jury were distinctly instructed that the matter of intoxication could not be considered even on the question of intent, unless the defendant was so drunk that he could not think at all or form an intent. Thus the instruction left practically nothing for the jury but the formality of rendering a verdict on undisputed facts. Indeed the erroneous instruction was virtually equivalent to a direction of a verdict, as it completely removed the defense from the case. The defendant was deprived of the important right, which the law accorded him, to have the jury pass on the truthfulness of his story, and, if they believed that he was intoxicated to any extent, to say whether such intoxication prevented the necessary intent, premeditation and deliberation.

The instruction was not excepted nor was a similar, though less prejudicial, charge excepted to in People v. Corey (*supra*). We are to give judgment " without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties." (Code Crim. Pro. § 542.) An error which prevents proper consideration by the jury of the only question relied on by the defendant is substantial, not technical, and we have no right to disregard it, although we may approve of the verdict. Even if we were inclined to regard errors as substantial or technical according as we might view the facts, this record suggests the danger of thus doing grievous wrong. In pronouncing sentence the learned trial justice said: " Yet, from the circumstances in this case I am led to the conclusion that it may be a case for executive clemency. If it comes to that, and the conviction is affirmed by the Court of Appeals, I shall consider very seriously the proposition of

recommending that. Under the evidence and the law, no other verdict could have been rendered. The verdict of the jury was entirely proper, but there are circumstances in the case that may call for executive clemency, in the event that the conviction is affirmed." We take it that there is something bearing on the defendant's story of intoxication, not disclosed by the printed record, which led the learned justice to make that observation. It is the defendant's right to have the degree of his crime fairly determined by a jury and that right should not be denied him on the chance of executive clemency.

The judgment of conviction should be reversed and a new trial ordered.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, CHASE, COLLIN and CUDDEBACK, JJ., concur.

Judgment of conviction reversed, etc.

---

## NOTE ON INTOXICATION AS AFFECTING RESPONSIBILITY FOR CRIME.

(See Note, vol. 12, p. 179.)

Upon a trial for murder, where it appears that the defendant was intoxicated at the time, the jury should be instructed that if the intoxication had extended so far in its effects, that the necessary intent, deliberation, and premeditation were absent, the fact of such intoxication must be considered, and a verdict rendered in accordance therewith; the intoxication need not be to the extent of depriving the accused of all power of violation or of all ability to form an intent. People v. Leonardi, 143 N. Y. 360; s. c. 62 St. Rep. 352; 9 N. Y. Crim. 318.

Upon a trial for murder where one of the defences was insanity, and evidence had been given on the part of the defence as to words and

actions of the defendant, which was claimed to indicate insanity it was not error to permit the prosecution to show that the defendant was intoxicated. People v. Miles, 143 N. Y. 383; s. c. 62 St. Rep. 346; 9 N. Y. Crim. 394.

Upon a trial for murder, a charge to the jury, involving the question of defendant's intoxication, at the time of committing the act, is erroneous if it fails to state with sufficient clearness that partial intoxication may be considered upon the question of motive or intent, in determining the grade or degree of the crime committed. People v. Corey, 148 N. Y. 476; 12 N. Y. Crim. 151. See s. c. 157 N. Y. 332; 13 N. Y. Crim. 384.

On a trial for murder, it is competent, to prove that the prisoner was intoxicated, at the time of the commission of the crime. Eastwood v. People, 3 Park. 25; s. c., 14 N. Y. 562.

Voluntary intoxication furnishes no excuse for crime. So long as the offender is capable of conceiving a design, he will be presumed, in the natural consequences of his acts. Kenny v. People, 31 N. Y. 330; s. c. 27 How. Pr. 202; 18 Abb. Pr. 91. Lanergan v. People, 6 Park. 209; s. c. 50 Barb. 266. Friery v. People, 54 Ibid. 319. People v. Porte, 2 Park. 14. People v. Fuller, Ibid. 16. People v. Wiley, Ibid. 19.

Voluntary intoxication, though amounting to frenzy, is no defence, where a homicide is committed, without provocation. People v. Rogers, 18 N. Y. 9; Reversing s. c. 3 Park. 632. Kenny v. People, 31 N. Y. 330. People v. Robinson, 1 Park. 649; s. c. 2 Ibid. 235. People v. Hammill, Ibid. 223.

Evidence of intoxication, however, is always admissible, to explain the conduct of the prisoner. Ibid. Lanergan v. People, 6 Park. 209; s. c. 50 Barb. 266. People v. Hammill, 2 Park. 223.

Insanity occasioned by previous habits of intemperance, and not directly resulting from the immediate influence of intoxicating liquors, renders the party irresponsible for the commission of a crime. Ibid. O'Brien v. People, 48 Barb. 274.

On the trial of an indictment for murder, it is not error, to refuse to charge that the jury may infer, from the presence of intoxication, the absence of premeditation. O'Brien v. People, 48 Barb.

On the trial of an indictment for murder, evidence that the defendant was in the habit of drinking to excess, and its effects upon him, is not admissible; unless confined to within a few days of the commission of the homicide. Real v. People, 42 N. Y. 270; s. c. 55 Barb. 551; 8 Abb. Pr. (N. S.) 314.

Voluntary intoxication is no excuse for crime; but the proof of it may reduce the crime of murder to the second degree, by showing the absence of deliberation. People v. Batting, 49 How. Pr. 392. People v. Cavanaugh, 62 Ibid. 187. People v. Pearce, 2 Edm. S. C. 76. People v. Jones, Ibid. 86.

Drunkenness, though carried to the extent that it overcomes the will, and incapacitates from controlling the action of the mind, is no excuse for crime; voluntary intoxication, though amounting to a frenzy, does not exempt one who commits a homicide, without provocation, from the same construction of his conduct, and the same legal inferences upon the question of intent, as affecting the grade of his crime, which are applicable to a person entirely sober. Flanigan v. People, 86 N. Y. 554. This is an eminently proper determination of a contested point; the question of the grade of the sin, in foro conscientioe, is for a higher power. And see People v. O'Connell, 62 How. Pr. 436.

On the question of the degree of murder, the jury may take into consideration the fact of the prisoner's intoxication at the time. People v. Cassiano, 30 Hun, 388.

The jury are not bound to infer the absence of premeditation, from the fact of the prisoner's intoxication. O'Brien v. People, 48 Barb. 274.

The intoxication of the defendant may be considered by the jury, in determining the motive and intent; and this, though the defendant acted with deliberation and premeditation. People v. Mills, 98 N. Y. 176; 3 N. Y. Crim. 184.

Where, upon the trial for murder, the court refused to charge that in fixing the grade of crime evidence of intoxication was important but did charge that all the evidence in the case was to be weighed it being for the jury to determine its importance, was held not to be error. People v. Kemmler, 119 N. Y. 580.

Upon the trial for an indictment, for burglary the jury may take into

consideration the intoxication of the defendant, in determining the intent with which the defendant entered the building. People v. Burns, 33 Hun, 296; s. c. 2 N. Y. Crim. 415.

Intoxication furnishes no excuse for crime if the defendant was sober enough to form an intent and to deliberate and premeditate the crime. People v. Fish, 125 N. Y. 136; s. c. 34 St. Rep. 840; 8 N. Y. Crim. 129.