Lena Bury, Respondent, *v.* John Michels, as Executor, etc., of Katherine Walter, Deceased, Appellant.

Supreme Court, Appellate Term, First Department, May 7, 1926.

Executors and administrators — evidence — competency of witness — action by daughter to recover for board and lodging furnished father — admission of testimony by plaintiff as to receipt of compensation from mother not reversible error — remark of court to effect wife of plaintiff's brother was incompetent under Civil Practice Act, § 347, prejudicial — judgment reversed.

In an action by a daughter of the executor's testator to recover for board and lodging furnished said testator, it was harmless error to permit the plaintiff to answer the question, " Did you ever receive any compensation from your mother?"

It was reversible error for the court to state, during the examination of the wife of plaintiff's brother, whose testimony had a moment before been held incompetent under section 347 of the Civil Practice Act, " I shall hold that she too is interested with her husband in the situation," since the remark constitutes a ruling stamping the witness incompetent and was clearly prejudicial; the court was not called upon at that time to determine whether or not the plaintiff was incompetent.

Appeal by defendant from a judgment of the Municipal Court of the Borough of Manhattan, Fourth District, in favor of plaintiff for $888.15, after a trial by a judge and jury.

*James A. Palmer,* for the appellant.

*Kaufmann & Kaufmann* [*Victor R. Kaufmann* of counsel], for the respondent.

Per Curiam. Plaintiff, a daughter of defendant executor's testator, sues the estate for board and lodging furnished the deceased.

The chief points on appeal are, *First,* that the court allowed plaintiff, over objection, to answer the question: " Did you ever receive any compensation from your mother? " and, *second,* that while defendant's attorney was examining the wife of plaintiff's brother, whose testimony had just been held incompetent under section 347 of the Civil Practice Act, the court interjected: " I shall hold that she too is interested with her husband in the situation."

As to the first point, we think that in view of the plaintiff's corroborating witnesses, the admission of plaintiff's answer might

possibly be regarded as harmless error. As to the second point, we cannot agree with respondent's counsel that this was not a ruling declaring the witness incompetent, and defendant's counsel was confirmed· in his interpretation of the court's words by the court's acquiescence in his withdrawal of the witness. Respondent's interpretation is meaningless because the court was not called upon at that point to rule whether the witness was interested or not, if indeed there could properly be a holding on that point at any time. (*People* v. *Gerdvine*, 210 N. Y. 184, 186; *United Traction Co.* v. *Monohan*, 116 Misc. 609, 612; *O'Leary* v. *Auburn & S. Electric R. Co.*, 188 N. Y. Supp. 714.)

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, DELEHANTY and WAGNER, JJ.