■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SCOTT, Appellant. — Judgment of the Supreme Court, New York County (Gabel, J.), rendered on June 30, 1981, convicting appellant, after trial, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree and sentencing him, as a predicate felon, to concurrent indeterminate prison terms of 3 to 6 years and 2 to 4 years, respectively, is modified, on the law, to strike the determination that appellant is a predicate felon, to vacate the sentence and to remand for a hearing to determine whether the appellant's felony conviction in New Jersey is sufficient to serve as a predicate felony in New York and for resentencing, and is otherwise affirmed.

On December 29, 1979, appellant Scott was drinking in Anita's Topless Bar. He had at least two bottles of beer. After purchasing drinks for several of the "girls", Scott pulled a gun and stated he was going to "blow the place away." He was disarmed by the manager and floor manager, who turned the gun over to the police. Scott was subdued by the officers after a struggle.

Appellant Scott was sentenced as a second felony offender, based on his prior conviction in New Jersey for "assault with an offensive weapon." An out-of-State felony conviction, to be used as a predicate for enhanced sentencing in New York, must also be a felony in New York. (*People v Gonzalez,* 61 NY2d 586.) The New Jersey statute (NJ Stat Ann § 2A:90-3) under which the appellant was convicted differs from its New York counterpart. The first clause of section 2A:90-3 would not be sufficient to serve as a predicate felony in New York. It requires only that one assault another with an offensive weapon or instrument. No physical injury is required for an assault, although it is required for felony assault in New York. New York also requires an

intent to physically injure and New Jersey does not. However, the second clause of section 2A:90-3 would be sufficient to serve as a predicate felony, that of attempted robbery. Therefore, this case must be remanded for a hearing on the appellant's New Jersey conviction. It must be determined whether appellant's New Jersey conviction was based upon the first or second clause of the New Jersey statute to determine whether it may serve as a predicate felony.

Appellant also claims that on the charge of criminal possession of a weapon in the second degree, his guilt was not proven beyond a reasonable doubt, due to his alleged intoxication at the time of the crime. The only evidence of this intoxication is found in the arrest report, where an officer marked off that the defendant was "apparently intoxicated". None of the others at the scene so stated and even the officer who filled out the arrest report stated that the appellant did not act intoxicated. Whether the appellant was too intoxicated to form the requisite intent was a jury question (*People v Gerdvine,* 210 NY 184), as even an inebriated person is capable of forming intent (*People v Cintron,* 74 AD2d 457). The jury could reasonably have concluded that even if the appellant was intoxicated, it was not sufficient to negate his intent. This is sufficient to support the conviction for criminal possession in the second degree. Concur — Kupferman, J. P., Sullivan, Asch, Kassal and Ellerin, JJ.