(April 12, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD HILL, Appellant.—Judgment of the Supreme Court, New York County (Edwin Torres, J.), rendered on July 12, 1984, convicting defendant of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and sentencing him as a persistent violent felony offender to two concurrent terms of six years to life, unanimously modified on the law to the extent of reversing that part of the judgment sentencing defendant as a persistent violent felony offender, and remanding for resentencing in accordance with defendant's true predicate status, and except as so modified, affirmed.

The felonies employed as predicates for enhancing defendant's sentence were a 1977 Massachusetts conviction for assault and battery by means of a dangerous weapon (Mass Gen Laws Annot, ch 265, § 15A) and a 1973 New York conviction for criminal possession of a weapon in the third degree. As the People commendably concede, neither conviction was properly used for sentencing defendant as a predicate violent felon. The offense for which defendant was convicted in Massachusetts has no New York felony equivalent, the

closest New York analogue being the misdemeanor of menacing (Penal Law § 120.15). The conviction then should not have been used, as it was, to enhance defendant's sentence *(see, People v Gonzalez,* 61 NY2d 586, 589; *People v Scott,* 111 AD2d 45).* As for the 1973 New York conviction, the People concede that the charge underlying the conviction was not a felony but a misdemeanor (i.e., possession of a dangerous instrument) later elevated to a felony by the filing of an information alleging a prior felony conviction. Since the 1973 conviction was not for a felony, much less a violent one, it should not have been used to support defendant's sentencing as a persistent violent felony offender.

The other points raised on the appeal have been considered and found to be without merit. Concur—Murphy, P. J., Ross, Carro, Ellerin and Smith, JJ.