■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANGSTON BLOCK, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant argues that the evidence of physical injury was not sufficient to support the conviction for assault in the second degree (see, Penal Law § 10.00 [9]). The police officer testified that, in the scuffle with defendant, he suffered scrapes and bruises on his legs and bruises on his knees. He sustained bite wounds to the left shoulder, which broke the skin and caused him "nagging pain" for several days until they began to heal. The officer was given oxygen at the scene, then transported to the hospital emergency room, where he reported that he hurt "all over". He was given a tetanus shot and pain medication, and he missed the following two days of work. In our view, that evidence is sufficient to support the conviction for second degree assault (see, People v Lundquist, 151 AD2d 505, 507, lv denied 74 NY2d 849; People v Williams, 147 AD2d 960, lv denied 73 NY2d 1023; cf., People v Prosser, 130 AD2d 972).

We agree with the trial court's conclusion that the prosecutor provided racially neutral reasons for exercising peremptory challenges to two potential black jurors (see, People v Hernandez, 75 NY2d 350, 355, cert granted — US —, 112 L Ed 2d 201). Whether defendant was so intoxicated as to be unable to form a criminal intent was a question of fact for the jury, and the jury's resolution of that issue in favor of the prosecution is supported by the evidence (see, People v Lang, 143 AD2d 685). We have examined the remaining issues raised by defendant and find them to be lacking in merit. (Appeal from judgment of Erie County Court, D'Amico, J.—assault, second degree.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.