■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDRIC NEW, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the People failed to establish that he had the necessary intent to commit the crimes charged in the indictment. Whether defendant was so intoxicated that he was unable to form the requisite intent to be guilty of the crimes for which he was convicted raised issues of fact and credibility for the jury to resolve *(see, People v Lang,* 143 AD2d 685; *People v Danaher,* 115 AD2d 905, 906; *People v Scott,* 111 AD2d 45, 46). The jury chose to resolve those issues in the People's favor. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support defendant's conviction.

Upon our review of the record and consideration of the relevant factors *(see, People v Cruickshank,* 105 AD2d 325, 333-334, *affd sub nom. People v Dawn Maria C.,* 67 NY2d 625), we find no abuse of discretion in the denial of defendant's application for youthful offender treatment *(see, People v Ortega,* 114 AD2d 912, *lv denied* 67 NY2d 887). Finally, the sentence imposed was not harsh and excessive. (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Attempted Murder, 2nd Degree.) Present—Dillon, P. J., Boomer, Green, Lowery and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROLYN BAKER EVANS, Appellant.—Judgment unanimously affirmed. Memorandum: The court's instructions to the jury regarding criminal liability under Penal Law § 20.00 were sufficient and without error. In the circumstances presented, there was no reason for the court to instruct the jury on the separate crime of criminal facilitation. (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Mischief, 4th Degree.) Present—Dillon, P. J., Boomer, Green, Lowery and Davis, JJ.