■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLF "RUDY" ROGLER, Appellant.—Judgment unanimously affirmed. Memorandum: Upon our review of the record and consideration of the relevant factors *(see, People v Cruickshank,* 105 AD2d 325, 333-334, *affd sub nom. People v Dawn Maria C.,* 67 NY2d 625), we find no abuse of discretion in the court's denial of defendant's application for youthful offender status *(see, People v New,* 171 AD2d 1006, *lv denied* 77 NY2d 998; *People v Ortega,* 114 AD2d 912, *lv denied* 67 NY2d 887). Further, we decline to exercise our discretion in the interest of justice to grant him that status *(cf., People v Shrubsall,* 167 AD2d 929, 930). Finally, the sentence imposed was neither harsh nor excessive. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminally Negligent Homicide.) Present—Callahan, J. P., Green, Balio, Fallon and Davis, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LIVINGSTON, Appellant.—Judgment unanimously affirmed. Memorandum: We agree with defendant that Supreme Court erred in summarily denying his request for a *Wade* hearing based upon the court's conclusion that the identification procedures involving prosecution witness Wonder Scott were only "confirmatory" in nature *(see, People v Rodriguez,* 79 NY2d 445; *People v Williamson,* 79 NY2d 799). In our view, however, any error in summarily denying defendant's request for a *Wade* hearing was harmless. In addition to Scott, two other witnesses positively identified defendant as the person who possessed and negotiated the forged check. Moreover, defense counsel, on summation, noted that the only issue was whether defendant had knowledge that the check he possessed was forged. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Callahan, J. P., Green, Balio, Fallon and Davis, JJ.