■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DRAYTON, Appellant. [605 NYS2d 723] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that it is unclear whether the jury reached a unanimous verdict concerning each and every count of the indictment. Unlike the situation in *People v Foreman* (168 AD2d 928, *lv denied* 77 NY2d 994), relied upon by defendant, the multiple sex acts charged in this indictment were particularized in the People's bill of particulars and were linked sequentially to the complainant's testimony by the prosecutor on summation. Thus, there is an adequate basis in the record to connect the counts of the indictment to the particular acts, thereby permitting meaningful appellate review of defendant's conviction.

We agree with defendant's contention that Supreme Court improperly ruled that a transcript of his interview with an investigator hired by his attorney was *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765) rather than attorney-client privileged material. Because the statement was made by defendant, and was not a statement "made by a person other than the defendant", the court erroneously ordered defendant to make the statement available to the prosecution (CPL 240.45 [2] [a]). Such order impermissibly compelled defendant to be a witness against himself

(see, US Const 5th Amend). However, that error was harmless. Defendant testified that he attempted to have sexual intercourse with the complainant. The only issue for the jury was whether the intercourse and attempted intercourse were consensual. That was a question of credibility that the jury resolved in favor of the complainant. Furthermore, the statement did not differ substantially from defendant's trial testimony. There is no reasonable possibility that the court's error in ordering the statement turned over to the prosecution might have contributed to defendant's conviction. Therefore, it was harmless beyond a reasonable doubt (see, People v Crimmins, 36 NY2d 230, 237).

The court did not abuse its discretion in denying defendant's application for youthful offender status (see, People v Rogler, 186 AD2d 1076, lv denied 81 NY2d 766; People v New, 171 AD2d 1006, lv denied 77 NY2d 998; People v Ortega, 114 AD2d 912, lv denied 67 NY2d 887) and we decline as a matter of discretion in the interest of justice to grant defendant that status (see, People v Rogler, supra; cf., People v Shrubsall, 167 AD2d 929, 930-931). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Rape, 1st Degree.) Present —Denman, P. J., Callahan, Balio, Boomer and Boehm, JJ.