■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REBECCA L. FAGAN, Appellant. [706 NYS2d 541] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that the conviction of criminally negligent homicide is based on legally insufficient evidence (see, *People v Bleakley,* 69 NY2d 490, 495). We likewise reject the contention that County Court erred in denying defendant's motion for a mistrial on the ground that defendant's suppressed statements were inadvertently provided to the jury. The record does not establish whether the jury viewed the suppressed statements, and the court gave a curative instruction to dissipate any prejudice to defendant in the event that the jury viewed the statements (see generally, *People v Birdsall,* 215 AD2d 878, 880, *lv denied* 86 NY2d 840, 88 NY2d 933; *People v Richardson,* 175 AD2d 143, 144, *lv denied* 79 NY2d 831).

We further conclude that the court properly allowed a witness to give unsworn testimony (see, CPL 60.20 [2]). Additionally, the court properly granted the prosecutor's request to charge criminally negligent homicide as a lesser included offense of manslaughter in the second degree because there is a reasonable view of the evidence to support a finding that defendant committed the lesser included offense but not the greater (see, *People v Heide,* 84 NY2d 943).

In light of the fact that defendant's actions with a loaded weapon caused the death of a 14-year-old child, the court did not abuse its discretion in denying defendant's request for youthful offender status (see generally, *People v Rogler,* 186 AD2d 1076, *lv denied* 81 NY2d 766). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Yates County Court, Falvey, J.—Criminally Negligent Homicide.) Present—Green, J. P., Hayes, Hurlbutt and Lawton, JJ.