THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREG A. SCOTT, Appellant. [876 NYS2d 271]—Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered April 9, 2008. The judgment convicted defendant, upon a jury verdict, of grand larceny in the third degree (three counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed, and the matter is remitted to Erie County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of three counts of grand larceny in the third degree (Penal Law § 155.35). Defendant failed to move for a trial order of dismissal and thus failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). "The inconsistencies between the testimony of [the prosecution] witness[es] and the testimony of defendant's witnesses involved credibility issues that were resolved by the jury, and we accord great deference to the jury's credibility determinations" (*People v Harris*, 56 AD3d 1267, 1268 [2008]; *see People v Lawrence*, 28 AD3d 1123, 1124 [2006], *lv denied* 6 NY3d 896 [2006]).

Defendant consented to the supplemental instruction given by County Court in response to the jury's note concerning the claim of right defense and thus has waived his present challenge to the instruction (*see People v Bush*, 57 AD3d 1119, 1120 [2008]; *see generally People v Barner*, 30 AD3d 1091 [2006], *lv denied* 7 NY3d 809 [2006]; *People v Hicks*, 12 AD3d 1044 [2004], *lv denied* 4 NY3d 799 [2005]). Defendant's further contention that the court failed to enforce a judicial subpoena is without merit. "[D]efendant failed to put forth a factual predicate to support the contention that the documents sought in the subpoena will bear relevant and exculpatory evidence" (*People v Bagley*, 279 AD2d 426, 426 [2001], *lv denied* 96 NY2d 711 [2001]; *see Matter of Constantine v Leto*, 157 AD2d 376 [1990], *affd for reasons stated* 77 NY2d 975 [1991]; *see generally People v Gissendanner*, 48 NY2d 543, 550-551 [1979]). To the extent that defendant may be deemed to contend that the court erred in failing to enforce an additional subpoena, that contention is based upon matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (*see generally People v Carlisle*, 50 AD3d 1451 [2008], *lv denied* 10 NY3d 957 [2008]; *People v Kopp*, 33 AD3d 153, 159 [2006], *lv denied* 7 NY3d 849 [2006], *cert denied* 549 US 1227 [2007]).

Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.