THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO BANKSTON, Appellant. [880 NYS2d 417]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered January 16, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and robbery in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of one count of robbery in the first degree (Penal Law § 160.15 [4]) and two counts of robbery in the second degree (§ 160.10 [1], [2] [b]). Contrary to the contention of defendant, the record of the suppression hearing supports County Court's determination that the police had probable cause to arrest him (*see People v Brito*, 59 AD3d 1000 [2009]; *see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). Defendant failed to preserve for our review his contentions that the court limited his right to present a defense (*see generally People v Angelo*, 88 NY2d 217, 222 [1996]; *People v Roman*, 60 AD3d 1416 [2009]), and that he was denied a fair trial by prosecutorial misconduct during summation (*see People v Romero*, 7 NY3d 911 [2006]; *People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's further contention, the court did not abuse its discretion in consolidating the indictments. "[T]he decision to consolidate separate indictments under CPL 200.20 (subd 4) is committed to the sound discretion of the Trial Judge in light of the circumstances of the individual case, and the decision is reviewable on appeal . . . only to the extent that there has been an abuse of that discretion as a matter of law" (*People v Lane*, 56 NY2d 1, 8 [1982]; *see* CPL 200.20 [5]; *People v Brown*, 254 AD2d 781, 782 [1998], *lv denied* 92 NY2d 1029 [1998]). Here, the offenses in the indictments were joinable under CPL

200.20 (2) (c), and defendant failed to make the requisite showing of good cause why the indictments should be tried separately, pursuant to CPL 200.20 (3). Defendant did not "establish that there was substantially more proof against him on one set of charges and that it was likely that the jury would be unable to consider separately the proof as it related to each offense" (*People v Rogers*, 245 AD2d 1041, 1041 [1997]; *see* CPL 200.20 [3] [a]), nor did he establish "that he had 'both important testimony to give concerning one [offense] and a genuine need to refrain from testifying on the other' " (*Rogers*, 245 AD2d at 1041, quoting CPL 200.20 [3] [b]; *see Lane*, 56 NY2d at 5).

Further, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to robbery in the first degree is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The testimony of the prosecution witnesses was not " 'so unworthy of belief as to be incredible as a matter of law' " (*People v Woods*, 26 AD3d 818, 819 [2006], *lv denied* 7 NY3d 765 [2006]), and we see no reason to disturb the jury's resolution of credibility issues (*see generally Bleakley*, 69 NY2d at 495). Finally, we reject defendant's contentions that the indictment was defective (*see People ex rel. Shaffer v Kuhlmann*, 173 AD2d 1034, 1035 [1991], *lv denied* 78 NY2d 856 [1991]; *see generally People v McMillan*, 231 AD2d 841 [1996], *lv denied* 89 NY2d 987 [1997], *cert denied* 522 US 830 [1997]), and that the sentence is unduly harsh or severe. Present—Scudder, P.J., Fahey, Peradotto, Carni and Green, JJ.