■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELAMAR BROWN, Appellant. [888 NYS2d 819]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered November 6, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that he was denied a fair trial by prosecutorial misconduct during the cross-examination of a defense witness and on summation. Defendant failed to preserve that contention for our review (see People v Bankston, 63 AD3d 1616 [2009]; People v Haynes, 35 AD3d 1212, 1213 [2006], lv denied 8 NY3d 946 [2007]) and, in any event, it is without merit. The prosecutor properly attempted to impeach a defense witness whose testimony differed from his testimony as a prosecution witness in defendant's earlier trial, which resulted in a hung jury. The prosecutor's comments on summation were fair response to defense counsel's summation (see People v Halm, 81 NY2d 819, 821 [1993]; People v Seeler, 63 AD3d 1595, 1596 [2009]). Defendant also failed to preserve for our review his contention that certain alleged errors by County Court deprived him of a fair trial (see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

By failing to move for a trial order of dismissal, defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, that challenge lacks merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The testimony of the main prosecution witnesses was not incredible as a matter of law inasmuch as it was not "manifestly untrue, physically

impossible, contrary to experience, or self-contradictory" (*People v Harris*, 56 AD3d 1267, 1268 [2008], *lv denied* 11 NY3d 925 [2009]; *see People v Walker*, 50 AD3d 1452, 1452-1453 [2008], *lv denied* 11 NY3d 795 [2008], *reconsideration denied* 11 NY3d 931 [2009]). Also, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349. [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). The credibility of the witnesses was an issue for the jury to determine, and we perceive no basis for disturbing that determination (*see People v Massey*, 61 AD3d 1433 [2009], *lv denied* 13 NY3d 746 [2009]; *People v Scott*, 60 AD3d 1396, 1397 [2009], *lv denied* 12 NY3d 821 [2009]).

Defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to object to the prosecutor's comments on summation and failure to move for a trial order of dismissal. We reject that contention, inasmuch as such an objection and motion would have had no chance of success (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Francis*, 63 AD3d 1644 [2009]). Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant failed to preserve for our review his further contention that the court erred in its *Ventimiglia* ruling (*see People v McClain*, 250 AD2d 871, 872 [1998], *lv denied* 92 NY2d 901 [1998]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to the contention of defendant, the court did not abuse its discretion in denying his request for expert fees for an investigator inasmuch as he failed to establish that those fees were necessary (*see People v Koberstein*, 262 AD2d 1032, 1033 [1999], *lv denied* 94 NY2d 798 [1999]; *People v Drumgoole*, 234 AD2d 888, 889-890 [1996], *lv denied* 89 NY2d 1011 [1997]; *People v Barber*, 154 AD2d 882 [1989], *lv denied* 75 NY2d 810, 917 [1990]; *see generally* County Law § 722-c). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Fahey, Peradotto, Carni and Gorski, JJ.