THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY FERRER, Appellant. [924 NYS2d 288]—

Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered April 24, 2008, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the County Court, Orange County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]).

An element of the crime of assault in the second degree pursuant to Penal Law § 120.05 (7) is that a person causes physical injury to another person. Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). In this case, the complainant sustained a cut to the nose and some bruising and swelling of his cheek and scraped both knees. Although he sought medical attention, no evidence was adduced that he required medical treatment or that he missed any days of work. Under the circumstances of this case, the jury's finding that the complainant suffered substantial pain and, thus, a physical injury within the meaning of Penal Law § 10.00 (9), was against the weight of the evidence (*see Matter of Philip A.*, 49 NY2d 198, 199-200 [1980]; *People v Baksh*, 43 AD3d 1072, 1073-1074 [2007]; *People v DiStefano*, 252 AD2d 530, 530-531 [1998]; *cf. People v Chiddick*, 8 NY3d

445, 446 [2007]; *People v Williams*, 23 AD3d 589, 590 [2005]; *People v Piersa*, 196 AD2d 896, 897 [1993]). Accordingly, the judgment of conviction must be reversed and the indictment dismissed.

In light of our determination, the parties' remaining contentions have been rendered academic. Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.