# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

862

KA 07-01622

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DEMERUS GILMER, DEFENDANT-APPELLANT.

---

THOMAS J. EOANNOU, BUFFALO (JEREMY D. SCHWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHELLE L. CIANCIOSA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered May 11, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of robbery in the first degree (Penal Law § 160.15 [4]). We agree with defendant that Supreme Court erred in summarily denying his request for a *Wade* hearing with respect to a witness's identification of defendant. Defendant submitted an "Affirmation in support of [*Wade*] Hearing" in which he sought to suppress the identification in question on the ground that the photo array identification procedure was unduly suggestive. The court concluded that defendant failed to comply with CPL 710.60 (1), pursuant to which a motion to suppress must include sworn allegations of fact supporting the grounds of the motion. Such sworn allegations of fact, however, are not required when the motion seeks to suppress an identification of the defendant on the ground of an improper pretrial identification procedure (*see* CPL 710.20 [6]; 710.60 [3] [b]; *People v Mendoza*, 82 NY2d 415, 429; *People v Rodriguez*, 79 NY2d 445, 453). Here, "defendant simply does not know the facts surrounding [the photo array] pretrial identification procedure[]," and thus he is unable to make sworn allegations of fact to support the motion (*Mendoza*, 82 NY2d at 429).

We agree with the People, however, that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 237). Although the witness at issue testified at trial, she did not identify defendant as the perpetrator of the robbery, nor did she testify regarding any

police-arranged identification procedure (*see Matter of William J.*, 203 AD2d 144; *see also People v Livingston*, 186 AD2d 1076, *lv denied* 81 NY2d 791; *People v Epps*, 155 AD2d 933, *lv denied* 75 NY2d 868).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The testimony of the only eyewitness who identified defendant in court as the perpetrator was corroborated by the testimony of the other eyewitnesses, who provided almost identical descriptions of the perpetrator and the events surrounding the robbery.  Although a different result would not have been unreasonable, we accord deference to the credibility determinations of the jury, which had the opportunity to hear the witnesses and assess their credibility, and it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally id.*; *People v Baker*, 30 AD3d 1102, *lv denied* 7 NY3d 846).

Entered:  September 30, 2011                     Patricia L. Morgan
                                                 Clerk of the Court