# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1039

KA 09-02235

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WILLIAM JAMIESON, DEFENDANT-APPELLANT.

---

NELSON S. TORRE, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHELLE L. CIANCIOSA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered July 16, 2009. The judgment convicted defendant, upon a nonjury verdict, of burglary in the second degree, criminal mischief in the fourth degree and petit larceny (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that the evidence of his unlawful entry into the victim's home and intent to commit a crime at the time of the entry is insufficient to support the burglary conviction. Defendant's contention is unpreserved for our review inasmuch as he failed to move for a trial order of dismissal at the close of the People's case (*see People v Gray*, 86 NY2d 10, 19; *People v Brown*, 67 AD3d 1369, *lv denied* 14 NY3d 886). In any event, that contention is without merit. The evidence establishes "that defendant gained entry to the victim's home by means of deception, trickery or misrepresentation," and thus it is legally sufficient to establish the unlawful entry (*People v Mitchell*, 254 AD2d 830, 831, *lv denied* 92 NY2d 984). The victim testified that defendant, who was wearing a hard hat and a vest when he approached her home, informed the victim that he was "from the cable company" and that he was there to "see if [her] setup was okay." In addition, "[d]efendant's intent to commit a crime [at the time of entry] may be inferred from the circumstances of the entry, from defendant's unexplained or unauthorized presence on the premises and from defendant's actions and assertions when confronted" (*id.*). Here, defendant's intent to commit a crime at the time of entry may be inferred from evidence that, inter alia, he posed as a cable company employee to gain entry to the victim's home and engaged in a physical altercation with her brother after that individual confronted defendant concerning the property taken from the

victim's home.