■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JON P. ENGELSEN, Respondent. [938 NYS2d 488]—

Memorandum: The People appeal from an order granting those parts of defendant's omnibus motion seeking to dismiss counts two and four of the indictment, charging defendant with endangering the welfare of a child (Penal Law § 260.10 [1]).

Upon our review of the sealed grand jury minutes, we agree with the People that the evidence before the grand jury was legally sufficient to support a prima facie case of endangering the welfare of a child. "A person is guilty of [that crime] when . . . [h]e or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (*id.*). "Actual harm to the child need not result for criminal liability [to be imposed. Rather,] it is 'sufficient that the defendant act in a manner which is *likely* to result in harm to the child, *knowing* of the likelihood of such harm coming to the child' " (*People v Johnson,* 95 NY2d 368, 371 [2000], quoting *People v Simmons,* 92 NY2d 829, 830 [1998]).

Even assuming, arguendo, that the evidence before the grand jury, viewed in the light most favorable to the People (*see People v Manini,* 79 NY2d 561, 568-569 [1992]; *People v Pelchat,* 62 NY2d 97, 105 [1984]), does not establish that defendant's conduct was likely to be injurious to the physical welfare of the subject children (*see generally People v Chase,* 186 Misc 2d 487, 488-489 [2000], *lv denied* 95 NY2d 962 [2000]; *cf. People v D'Ambrosia,* 192 Misc 2d 560, 561-562 [2002]), we conclude that the evidence established that defendant's conduct was likely to be injurious to their mental or moral welfare. We note that defendant's alleged conduct is not limited to operating a motor vehicle while intoxicated and with the children in the vehicle as passengers.

We reject defendant's contention that his intoxication rendered him incapable of "knowingly" acting in a manner that would place the children at risk (Penal Law § 260.10 [1]). Although "evidence of intoxication . . . may be offered by the defendant whenever it is relevant to negat[e] an element of the crime charged," intoxication "is not, [in itself], a defense to a criminal charge" (§ 15.25), and an intoxicated person may be capable of forming criminal intent (*see People v Scott,* 111 AD2d 45 [1985]). The question whether defendant's intoxication destroyed his ability to form the requisite intent is one for the jury to resolve at trial (*see id.*; *People v Leary,* 64 AD2d 825 [1978]). Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.