■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD F. STILLWAGON, II, Also Known as DONALD F. STILLWAGON, Also Known as DONALD STILLWAGON, Appellant. [956 NYS2d 352]—

Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [3]), defendant contends that the conviction is not supported by legally sufficient evidence that the victim, a police officer, sustained a physical injury or that defendant had the requisite intent inasmuch as he was intoxicated. We reject those contentions. The victim testified that defendant bit him in the forearm while he and two other officers were trying to place defendant on the ground during the course of an arrest and that, despite his efforts to "shake [defendant's] head loose," defendant's mouth was "locked right onto [his] arm." It was not until the victim punched defendant that defendant ceased biting him. The victim sought emergency medical treatment for the bite wound and missed several days of work. In the days following the incident, the victim experienced a "throbbing" pain that he treated with an over-the-counter painkiller. We conclude that the evidence is legally sufficient to establish that the victim sustained a physical injury, i.e., that the pain was "more than slight or trivial" (*People v Chiddick*, 8 NY3d 445, 447 [2007]; *see People v Block*, 168 AD2d 940, 940 [1990], *lv denied* 77 NY2d 875 [1991]). "The question whether defendant's intoxication destroyed his ability to form the requisite intent is one for the jury" (*People v Engelsen*, 92 AD3d 1289, 1290 [2012]), and the evidence is legally sufficient to support the jury's conclusion that defendant had the requisite intent to prevent the victim from performing his lawful duty (*see generally People v New*, 171 AD2d 1006, 1006 [1991], *lv denied* 77 NY2d 998 [1991]; *Block*, 168 AD2d at 940). Moreover, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant failed to preserve for our review his contention that he was denied a fair trial by alleged instances of prosecutorial misconduct (*see People v Cox*, 21 AD3d 1361, 1363 [2005], *lv denied* 6 NY3d 753 [2005]). In any event, any "improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Gonzalez*, 206 AD2d 946, 947 [1994], *lv denied* 84 NY2d 867 [1994]). Finally, we reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to object to the prosecutor's comments on summation and defense counsel's failure to object when the prosecutor elicited testimony regarding the victim's medical treatment. Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful

representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Brown*, 67 AD3d 1369, 1370 [2009], *lv denied* 14 NY3d 886 [2010]). Present—Smith, J.P., Carni, Lindley, Sconiers and Whalen, JJ.