# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1261**

**KA 11-01656**

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DONALD F. STILLWAGON, II, ALSO KNOWN AS DONALD F.
STILLWAGON, ALSO KNOWN AS DONALD STILLWAGON,
DEFENDANT-APPELLANT.

---

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered July 6, 2011. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [3]), defendant contends that the conviction is not supported by legally sufficient evidence that the victim, a police officer, sustained a physical injury or that defendant had the requisite intent inasmuch as he was intoxicated. We reject those contentions. The victim testified that defendant bit him in the forearm while he and two other officers were trying to place defendant on the ground during the course of an arrest and that, despite his efforts to "shake [defendant's] head loose," defendant's mouth was "locked right onto [his] arm." It was not until the victim punched defendant that defendant ceased biting him. The victim sought emergency medical treatment for the bite wound and missed several days of work. In the days following the incident, the victim experienced a "throbbing" pain that he treated with an over-the-counter painkiller. We conclude that the evidence is legally sufficient to establish that the victim sustained a physical injury, i.e., that the pain was "more than slight or trivial" (*People v Chiddick*, 8 NY3d 445, 447; *see People v Block*, 168 AD2d 940, 940, *lv denied* 77 NY2d 875). "The question whether defendant's intoxication destroyed his ability to form the requisite intent is one for the jury" (*People v Engelsen*, 92 AD3d 1289, 1290), and the evidence is legally sufficient to support the jury's conclusion that defendant had the requisite intent to prevent the victim from performing his lawful duty (*see generally People v New*,

171 AD2d 1006, 1006, *lv denied* 77 NY2d 998; *Block*, 168 AD2d at 940).
Moreover, viewing the evidence in light of the elements of the crime
as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we
conclude that the verdict is not against the weight of the evidence
(*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contention that
he was denied a fair trial by alleged instances of prosecutorial
misconduct (*see People v Cox*, 21 AD3d 1361, 1363, *lv denied* 6 NY3d
753).  In any event, any "improprieties were not so pervasive or
egregious as to deprive defendant of a fair trial" (*People v Gonzalez*,
206 AD2d 946, 947, *lv denied* 84 NY2d 867).  Finally, we reject
defendant's contention that he was denied effective assistance of
counsel based on defense counsel's failure to object to the
prosecutor's comments on summation and defense counsel's failure to
object when the prosecutor elicited testimony regarding the victim's
medical treatment.  Viewing the evidence, the law and the
circumstances of this case in totality and as of the time of the
representation, we conclude that defendant received meaningful
representation (*see generally People v Baldi*, 54 NY2d 137, 147; *People
v Brown*, 67 AD3d 1369, 1370, *lv denied* 14 NY3d 886).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court