Appeal from a judgment of the Monroe County Court (Joan S. Kohout, A.J.), rendered September 3, 2010. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]), defendant contends that the evidence is legally insufficient to support the conviction because the People failed to establish that he “actually possessed a dangerous instrument at the time of the crime” (People v Pena, 50 NY2d 400, 407 [1980], rearg denied 51 NY2d 770 [1980], cert denied 449 US 1087 [1981]). We reject that contention. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the victim’s testimony that defendant removed a knife from his pocket immediately before asking for money is legally sufficient to establish that defendant possessed a dangerous instrument (see generally People v Mitchell, 59 AD3d 739, 739-740 [2009], lv denied 12 NY3d 918 [2009]; People v Thompson, 273 AD2d 153, 153 [2000], lv denied 95 NY2d 908 [2000]). Contrary to de *1380 fendant’s contention, any inconsistency between the victim’s trial testimony and the victim’s testimony from prior proceedings was not so great as to render his trial testimony incredible as a matter of law (see People v Baker, 30 AD3d 1102, 1102 [2006], lv denied 7 NY3d 846 [2006]).
Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence with respect to whether he used or threatened to use a dangerous instrument inasmuch as he did not move for a trial order of dismissal on that ground (see People v Gray, 86 NY2d 10, 19 [1995]; People v Holloway, 97 AD3d 1099, 1099 [2012], lv denied 19 NY3d 1026 [2012]). In any event, that contention lacks merit inasmuch as “[t]he jury could have reasonably concluded that defendant . . . made an implied threat to use the [knife] against the [victim]” (People v Espada, 94 AD3d 451, 452 [2012], lv denied 19 NY3d 1025 [2012]; see Mitchell, 59 AD3d at 739-740; People v Boisseau, 33 AD3d 568, 568 [2006], lv denied 8 NY3d 844 [2007]).
Finally, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see People v Johnson, 105 AD3d 1452, 1452-1453 [2013], lv denied 21 NY3d 1016 [2013]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although defendant testified that he did not possess a knife and that the victim voluntarily gave him the money, “[g]reat deference is to be accorded the [factfinder’s] resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony” (People v Curry, 82 AD3d 1650, 1651 [2011], lv denied 17 NY3d 805 [2011] [internal quotation marks omitted]), and we see no basis to disturb the jury’s credibility determinations. Present— Smith, J.P., Carni, Lindley, Sconiers and DeJoseph, JJ.