# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**143**
**KA 11-02191**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROGER COONEY, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, MULDOON, GETZ & RESTON (JON P. GETZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered July 1, 2011. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is reversed on the facts, the indictment is dismissed and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.

Memorandum: In appeal No. 1, defendant was convicted following a jury trial of robbery in the first degree (Penal Law § 160.15 [3]) and, in appeal No. 2, he was convicted following the same jury trial of robbery in the second degree (§ 160.10 [2] [a]). The charges arose from separate incidents in which defendant took merchandise without paying for it and, when confronted by the asset protection personnel outside of each store, he engaged in activity that resulted in the indictments charging these robbery offenses. Contrary to defendant's contention, Supreme Court (Valentino, J.) did not abuse its discretion in granting the People's motion to consolidate the indictments (*see People v Bankston*, 63 AD3d 1616, 1616-1617, *lv denied* 14 NY3d 885). The court properly determined that the indictments were joinable pursuant to CPL 200.20 (5), that the nature and quantity of the evidence for each offense was comparable, and that defendant failed to make a convincing showing that he had important testimony to give with respect to the indictment charging robbery in the second degree and a strong need to refrain from testifying with respect to the indictment charging robbery in the first degree (*see Bankston*, 63 AD3d at 1616-1617).

We reject defendant's further contention that the court erred in refusing to suppress evidence seized from defendant following a

traffic stop.  Defendant's vehicle was observed in an empty parking lot by police two days after the second offense was committed and, when the police approached the vehicle, defendant drove away.  The court properly determined that the officer who stopped defendant's vehicle was authorized to act on the strength of the information conveyed by another police agency of the description of the vehicle and the very distinctive license plate under the "fellow officer" rule (*see generally People v Rosario*, 78 NY2d 583, 588, *cert denied* 502 US 1109; *People v Robinson*, 134 AD3d 1538, 1539).  Contrary to defendant's contention that the officer lacked reasonable suspicion to stop the vehicle, we conclude that "the distinctive nature of the vehicle is a significant factor that provided the police with reasonable suspicion that defendant may have been involved in the robbery" (*People v Dearmas*, 48 AD3d 1226, 1227, *lv denied* 10 NY3d 839 [internal quotation marks omitted]).

We reject defendant's contention that the conviction of robbery in the first degree is not supported by legally sufficient evidence.  The evidence, when viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), established that defendant was observed by two employees through video surveillance secreting in the waistband of his pants two packages of Dr. Scholls shoe inserts, and secreting in his front pants pocket a package of Hillshire Farms sausages, and then leaving the store without paying for those items.  When store employees confronted defendant in the parking lot, one of the employees observed the packages of shoe inserts when defendant lifted his shirt and observed a bulge in his pants pocket consistent with the package of sausage.  Defendant waved a knife with a 2- to 3-inch blade at that employee when the employee demanded that he return the merchandise before he entered his car and drove away.  Contrary to defendant's contention, the employee named in the indictment as the owner of the property had a possessory right superior to that of defendant, "who had no right of possession whatsoever" (*People v Hutchinson*, 56 NY2d 868, 869; *see People v Sweney*, 55 AD3d 1350, 1351, *lv denied* 11 NY3d 901; *cf. People v Wilson*, 93 NY2d 222, 225-226).  We reject defendant's contention that the People failed to prove the element of "uses or threatens the immediate use of a dangerous instrument" (Penal Law § 160.15 [3]).  Video evidence established that defendant was detained by the employee in the parking lot immediately after he left the store, at which time he retained the property by threatening the use of the knife (*see People v Gordon*, 23 NY3d 643, 652 n 4; *People v Carrel*, 99 NY2d 546, 547-548).  Although the items were not recovered, the evidence is legally sufficient to establish that defendant forcibly retained them (*see Gordon*, 23 NY3d at 652).  By failing to move to dismiss the indictment on the ground that the knife did not constitute a dangerous instrument, defendant failed to preserve that contention for our review (*see People v Williams*, 125 AD3d 1300, 1301, *lv denied* 26 NY3d 937).  In any event, that contention is without merit (*see People v Simmons*, 128 AD3d 1379, 1379, *lv denied* 26 NY3d 935).  Viewing the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence with respect to robbery in the first degree (*see generally People v Bleakley*, 69 NY2d 490, 495).

     We agree with defendant, however, that the verdict with respect to the count of robbery in the second degree is against the weight of the evidence on the element of physical injury.  We therefore reverse the judgment in appeal No. 2 and dismiss that indictment.  An employee testified that, as a result of a physical struggle with defendant after he was detained, the employee sustained a cut on the knuckle of his left ring finger, which he treated with an antibiotic ointment and a bandage for one week.  "Physical injury" is defined as an "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]).  "Factors relevant to an assessment of substantial pain include the nature of the injury, *viewed objectively*, the victim's subjective description of the injury and his or her pain, whether the victim sought medical treatment, and the motive of the offender" (*People v Haynes*, 104 AD3d 1142, 1143, *lv denied* 22 NY3d 1156 [emphasis added]; *see People v Chiddick*, 8 NY3d 445, 447).  The employee testified that the cut was "very painful," that the pain, which subsided the day after the incident, lasted a few days, and that the cut was completely healed in one week.  He testified that he did not seek medical treatment and did not miss any time from his job as a result of the injury.  Upon the exercise of our "special power . . . to affirmatively review the record; independently assess all of the proof; substitute [our] own credibility determinations for those made by the jury . . . ; [and] determine whether the verdict was factually correct," we conclude that the element of physical injury was not proved beyond a reasonable doubt (*People v Delamota*, 18 NY3d 107, 116-117; *see People v Facey*, 115 AD2d 11, 18, *affd* 69 NY2d 836; *People v Ferrer*, 84 AD3d 1396, 1396-1397; *see generally Matter of Philip A.*, 49 NY2d 198, 200).  We thus conclude that the jury "failed to give the evidence the weight that it should be accorded" (*Bleakley*, 69 NY2d at 495).

     We respectfully disagree with our dissenting colleague that a conviction may be reduced to a lesser included offense upon a determination that the verdict is against the weight of the evidence. As we explained in *People v Heatley* (116 AD3d 23, 29, *appeal dismissed* 25 NY3d 933), "CPL 470.20 (5) provides that the determination by an intermediate appellate court that a verdict is against the weight of the evidence requires dismissal of the indictment . . . [T]he power to reduce a conviction to a lesser included offense is limited to cases in which it is determined that the evidence 'is not legally sufficient to establish the defendant's guilt of an offense of which he [or she] was convicted but is legally sufficient to establish his [or her] guilt of a lesser included offense' (CPL 470.15 [2] [a])."  Thus, we conclude that "CPL 420.20 (5) requires dismissal of the indictment if it is determined that the verdict is against the weight of the evidence" (*id.* at 31).  Indeed, the Court of Appeals has explained that "[a]n important judicial bulwark against an improper criminal conviction is not only the restrictive scope of review undertaken during a sufficiency analysis, but the protection provided by weight of the evidence examination in an intermediate appellate court.  This special power requires the court to . . . determine whether the verdict was factually correct[,] and *acquit* a defendant if the court is not convinced that the jury was justified in finding that guilt was proven beyond a reasonable doubt" (*Delamota*, 18 NY3d at 116-117

[emphasis added]; *see People v Romero*, 7 NY3d 633, 644 n 2). As we explained in *Heatley* (116 AD3d at 30), "if the legislature had intended to provide the same relief to modify a judgment in the event that the weight of the evidence failed to support the conviction but supported a lesser included offense, it would have done so."

In light of our determination, defendant's contention that certain evidence related to this offense should have been precluded is academic.

Defendant further contends that he was penalized for exercising his right to trial when County Court (Castro, A.J.) sentenced him to a harsher sentence than that allegedly offered by the court at the close of the People's proof. We are unable to review that contention because the record is silent with respect to whether a plea offer was made, and thus it must be raised by way of a motion pursuant to CPL 440.10 (*see People v Robinson*, 221 AD2d 1029, 1029). We note, however, that "there is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to a trial" (*People v Brink*, 78 AD3d 1483, 1485, *lv denied* 16 NY3d 742, *reconsideration denied* 16 NY3d 828). The sentence is not unduly harsh and severe.

All concur except CENTRA and LINDLEY, JJ., who dissent and vote to modify in accordance with the following memorandum: We respectfully dissent in appeal No. 2. Although we agree with the majority that the verdict with respect to robbery in the second degree under Penal Law § 160.10 (2) (a) is against the weight of the evidence because the People failed to prove beyond a reasonable doubt that the victim sustained a physical injury during the commission of the crime or defendant's immediate flight therefrom, we do not agree that the indictment should be dismissed. Instead, in our view, the conviction should be reduced to the lesser included offense of robbery in the third degree (§ 160.05). For the reasons stated in the concurrence in *People v Heatley* (116 AD3d 23, 32-39, *appeal dismissed* 25 NY3d 933), we see no reason in law or logic that a conviction may not in a proper case be reduced to a lesser included offense upon a determination that the verdict is against the weight of the evidence with respect to a particular element of the charged crime (*see e.g. People v Santiago*, 97 AD3d 704, 706-707, *affd* 22 NY3d 740), just as we reduce a conviction that is not based on legally sufficient evidence.

Entered: March 25, 2016

Frances E. Cafarell
Clerk of the Court