# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**299**

**KA 13-00466**

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

SEAN DELANEY, ALSO KNOWN AS SEAN M. DELANEY,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered October 9, 2012. The judgment convicted defendant, upon a jury verdict, of aggravated criminal contempt.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of aggravated criminal contempt (Penal Law § 215.52 [1]), defendant contends that County Court abused its discretion in permitting the victim to testify that an order of protection was issued on her behalf, following an incident in which defendant punched through a window in her vehicle. According to defendant, the prejudicial effect of the testimony outweighed its probative value. Defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]; *People v Laracuente*, 21 AD3d 1389, 1390, *lv denied* 6 NY3d 777). In any event, defendant's contention is without merit. The evidence was relevant as "background material to enable the jury to understand the defendant's relationship with the [victim] and to explain the issuance of an order of protection" (*People v Walters*, 127 AD3d 889, 889, *lv denied* 25 NY3d 1209).

We reject defendant's further contention that the conviction is not supported by legally sufficient evidence with respect to the element of physical injury, i.e., "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The victim, who was just over five feet, testified that defendant, who was over six feet, knocked her head into a wall, causing several large "very painful" lumps to form on her head to the right of the crown; that he wrapped his hands around her neck and lifted her; that he threw her to the floor, sat on top of her and forced his fingers into her mouth,

causing pain in three of her lower teeth; and that he kicked her.  The victim testified that she had abrasions on her lip; that her lower teeth moved when she pushed them and were still loose at the time of trial; and that she had bruising on her neck, knees and ankles.  She described the pain level as a "4" for her arms; a "4 to 6" for her legs; a "9" for her neck and back; and a "5 to 6" for her mouth generally, but a "9" when she ate.  The victim altered her diet for approximately one month because of the pain.  She sought medical treatment the day after the incident and was prescribed, inter alia, pain medication.  Viewing the evidence in the light most favorable to the People, as we must (*see People v Gordon*, 23 NY3d 643, 649), we conclude that the evidence is legally sufficient to establish that the injuries caused the victim substantial pain (*see People v Chiddick*, 8 NY3d 445, 447-448; *People v Stillwagon*, 101 AD3d 1629, 1630, *lv denied* 21 NY3d 1020; *cf. People v Haynes*, 104 AD3d 1142, 1142-1144, *lv denied* 22 NY3d 1156).

Defendant further contends that the verdict is against the weight of the evidence with respect to the element of physical injury.  Even assuming, arguendo, that a different verdict would not have been unreasonable based upon the acquittal of defendant with respect to the other counts charged in the indictment (*see generally People v Bleakley*, 69 NY2d 490, 495), we reject defendant's contention.  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that there is no basis upon which to determine that the jury failed to give the evidence the weight it should be accorded (*see Bleakley*, 69 NY2d at 495; *cf. People v Cooney*, 137 AD3d 1665, ___).

Entered:  April 29, 2016                          Frances E. Cafarell
                                                    Clerk of the Court