People v Talbott (2018 NY Slip Op 00641)





People v Talbott


2018 NY Slip Op 00641


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


5 KA 15-01225

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EDWIN F. TALBOTT, II, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered June 17, 2014. The judgment convicted defendant, after a nonjury trial, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of assault in the second degree (Penal Law
§ 120.05 [3]). The case arose from an incident in which defendant struggled with parole officers who were arresting him for alleged parole violations. During the fracas, defendant fell on the left knee of one of the officers. We reject defendant's contention that his conviction is not supported by legally sufficient evidence that the officer sustained physical injury, which is defined as "impairment of physical condition or substantial pain" (§ 10.00 [9]). " [S]ubstantial pain' cannot be defined precisely, but it can be said that it is more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]). Here, the officer testified that he felt "a radiant pain throughout [his] entire knee." He described the pain level while standing or putting pressure on the knee as a 7 or 8 on a scale of 1 to 10, causing him to limp "noticeably" for a "couple days," and he further testified that he used ibuprofen on the day of the injury to manage the pain. We conclude that his testimony is sufficient to establish that he sustained physical injury (see People v Kraatz, 147 AD3d 1556, 1557 [4th Dept 2017]; People v Delaney, 138 AD3d 1420, 1421 [4th Dept 2016], lv denied 28 NY3d 928 [2016]). Viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence on the issue of physical injury (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court